IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

AGUILA RECORDS, INC., )
)
      Plaintiff, )
)
v. ) No. 07 C 3993
)
)
SERGIO FEDERICO and ALIADOS )
de la SIERRA, INC. )
)
      Defendants. )

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendants' motion to dismiss. For the reasons stated below, we deny the motion to dismiss.

## BACKGROUND

A musical group allegedly known as "Alacranes Musical" ("Alacranes") began performing in Mexico and the United States in approximately 1998. Since 1999, Alacranes has allegedly utilized the image of a "stylized scorpion" to identify its band. (A. Compl. Par. 17). Plaintiff Aguila Records, Inc. ("Aguila") alleges that it is a musical entertainment, management, and recording agency and that it arranges

1

the performances and appearances on tour for Alacranes and negotiates the fees.

Aguila contends that in 2003, Defendant Sergio Federico ("Federico"), a musical performer, joined Alacranes. When Federico joined Alacranes, Federico allegedly orally entered into an agreement with Aguila ("Agreement"). Federico allegedly agreed that Aguila would have the exclusive right to all of Alacranes' musical compositions and sound recordings. Aguila also contends that Federico agreed that he would not perform in any other musical group or sound record any musical composition or performance for any other record label or producer of sound recordings. In exchange, Aguila allegedly agreed to promote Alacranes, act as the group's agent, take care of certain expenses, and provide Federico with a regular salary. In October 2006, Federico allegedly entered into a ten year extension of the Agreement and the terms were memorialized in writing.

According to Aguila, shortly after the extension of the Agreement, Federico expressed an interest in pursuing a solo musical career. Despite the restrictions in the Agreement, Federico allegedly proceeded to quit Alacranes and join the Defendant musical group known as "Aliados de la Sierra" ("Sierra"). Sierra allegedly included in advertisements for its performances a scorpion logo and made references to Federico's membership in Alacranes. Sierra also allegedly performed and recorded a song entitled "Por Tu Amor," which was a musical hit for Alacranes. Sierra is also

allegedly anticipating the release of an album that will depict scorpions on its packaging. Aguila brought the instant action and includes in its amended complaint a claim alleging violations of 15 U.S.C. § 1114 and 1125 of the Lanham Act, 15 U.S.C. § 1051 *et seq.* (Count I), claims alleging violations of 17 U.S.C. § 106 and 501 of the federal Copyright Act, 17 U.S.C. § 101 *et seq.* (Count II), a state law unfair competition claim (Count III), and a breach of contract claim (Count IV). Defendants move to dismiss all claims.

## LEGAL STANDARD

In ruling on a motion to dismiss, brought pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"), the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002); *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991). In order to withstand a motion to dismiss, a complaint must allege the "operative facts" upon which each claim is based. *Kyle v. Morton High Sch.*, 144 F.3d 448, 454-55 (7th Cir. 1998); *Lucien v. Preiner*, 967 F.2d 1166, 1168 (7th Cir. 1992). A plaintiff is required to include allegations in the complaint that "plausibly suggest that the

plaintiff has a right to relief, raising that possibility above a 'speculative level'" and "if they do not, the plaintiff pleads itself out of court.'" *E.E.O.C. v. Concentra Health Servs., Inc.* 496 F.3d 773, 776 (7th Cir. 2007)(quoting in part *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1964 (2007)). Under current notice pleading standard in federal courts a plaintiff need not "plead facts that, if true, establish each element of a 'cause of action. . . .'" *See Sanjuan v. Amer. Bd. of Psychiatry and Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994)(stating that a "[a]t this stage the plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint" and that "[m]atching facts against legal elements comes later."). The plaintiff need not allege all of the facts involved in the claim and can plead conclusions. *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002); *Kyle*, 144 F.3d at 455. However, any conclusions pled must "provide the defendant with at least minimal notice of the claim," *Id.*, and the plaintiff cannot satisfy federal pleading requirements merely "by attaching bare legal conclusions to narrated facts which fail to outline the bases of [his] claims." *Perkins*, 939 F.2d at 466-67. The Seventh Circuit has explained that "[o]ne pleads a 'claim for relief' by briefly describing the events." *Sanjuan*, 40 F.3d at 251; *Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir. 1998)(stating that "[p]laintiffs need not plead facts or legal theories; it is enough to set out a claim for relief").

## DISCUSSION

I. Lanham Act Claims (Count I)

Defendants argue that Aguila has failed to state a claim under the Lanham Act. Defendants argue in a conclusory fashion that the depictions of the scorpions utilized by Sierra are not similar to those that are used by Alacranes. Defendants claim that there is thus no basis to conclude that the scorpion image used by Sierra "will confuse the record-buying public into thinking that Aliados de la Sierra is actually Alacranes Musical." (Mot. 4). According to Defendants, Aguila's contention concerning the scorpion logos used by Alacranes and Sierra is "ludicrous" and a "preposterous theory." (Mot. 4); (Reply 2). The motion to dismiss stage, however, is not the proper juncture to evaluate the evidence as Defendants propose. At the motion to dismiss stage, the court is solely evaluating whether a plaintiff has stated a valid claim. Defendants brought the instant motion pursuant to Rule 12(b)(6), (Mot. 1), and yet absent from their motion is any reference to the legal standard for such motions. In fact, the only citation to the law provided by Defendants in either their motion or their reply in support of their argument for the dismissal of Count I is one citation for a Sixth Circuit case from 1973 involving determinations made at the summary judgment stage (Mot. 5)(citing *Beer Nuts, Inc. v. King Nut Co.*, 477 F.2d

326 (6th Cir. 1973)).

In the instant action, Aguila indicates that it is bringing claims alleging trademark infringement in violation of 15 U.S.C. § 1114 and 15 U.S.C. § 1125 of the Lanham Act. Aguila specifically alleges that Alacranes used the scorpion as its identifying symbol and that "[s]ince its first use in 1999, the scorpion depiction has become a famous mark identifying the style of Tejano and Duranguense music played by 'Alacranes Musical'. . . ." (A. Compl. Par. 17). Aguila also alleges that when Federico left Alacranes, Sierra referenced Federico's involvement with Alacranes and Sierra used a scorpion mark in its advertisements. (A. Compl. Par. 22). In addition, Aguila alleges that Sierra's usage of the Scorpion mark "is likely to cause confusion or mistake, and to deceive consumers as to the origin of the music. . . ." (A. Compl. Par. 26). Such allegations are sufficient to state trademark infringement claims. Whether the marks used by Alacranes and Sierra are similar or would confuse consumers is not an appropriate inquiry for the motion to dismiss stage. Therefore, we deny Defendants' motion to dismiss the Lanham Act claims (Count I).

## II. Copyright Act Claims (Count II)

Defendants argue that Aguila has failed to state a Copyright Act claim. As

with the Lanham Act claims, Defendants argue that Aguila's Copyright Act claim lacks merit, arguing that the allegations in the amended complaint are "unsupported" and "entirely false." (Mot. 5). However, as is discussed above, the motion to dismiss stage is not the proper juncture to address the merits of a claim. In ruling on a Rule 12(b)(6) motion, the court must accept as true all well-pleaded allegations and make all reasonable inferences in the favor of the plaintiff. *Thompson*, 300 F.3d at 753. Thus, Defendants' arguments that Aguila's allegations concerning the Copyright Act claim are false are inappropriate at this juncture. In addition, we note that although Defendants provide a lengthy argument concerning the dismissal of the Copyright Act claim, Defendants fail to provide a citation to any legal authority in support of their position.

Aguila alleges in the amended complaint that it owned the proprietary rights to the song "Por Tu Amor." (A. Compl. Par. 31). Aguila also alleges that Defendants performed the song without authorization from Aguila and that Defendants knowingly infringed upon Aguila's proprietary rights. (A. Compl. Par. 31-32). Such allegations are sufficient to state a Copyright Act claim. Therefore, we deny the motion to dismiss the Copyright Act claim (Count II).

III. Unfair Competition Claim (Count III)

Defendants argue that Aguila has failed to state an unfair competition claim. Defendants present arguments concerning the merits of Aguila's claim, which as indicated above, is improper at the motion to dismiss stage. Defendants contend that since the amended complaint "does not allege that any consumer was actually confused," Aguila has failed to state a claim for unfair competition. (Mot. 8). However, there is no requirement under the federal notice pleading standard that a plaintiff use specific words or mirror each element for a cause of action in order to state a claim. *Sanjuan*, 40 F.3d at 251.

Defendants also argue that Aguila has failed to state a claim because Aguila "must be able to allege facts to demonstrate that there is a likelihood of confusion between the two products." (Mot. 9). Even if Aguila had such a burden at the pleading stage, Aguila has alleged such facts. Aguila alleges that Federico performed with Alacranes and when he left the group to join Sierra, Sierra advertised Federico's involvement with Alacranes and utilized a symbol that was similar to the one used by Alacranes.

Aguila alleges under the heading "State Law Claim - Unfair Competition," that Defendants engaged in tactics "designed to confuse the consuming public about [Federico's] new group affiliation and the origin of the new group's songs, and such confusion is believed to have occurred." (A. Compl. Par. 35). Aguila also asserts

8

that it suffered damages as a result of the consumer confusion. (A. Compl. Par. 36). Such allegations are sufficient to put Defendants on notice of the claim and to state a claim for unfair competition. Therefore, we deny the motion to dismiss the unfair competition claim (Count III).

IV. Breach of Contract Claim (Count IV)

Defendants argue that Aguila has alleged an oral employment contract that is unenforceable under the statute of frauds. Under Illinois law, the statute of frauds "requires contracts that cannot be fully performed within a year of their making to be in writing, or they are unenforceable." *Bower v. Jones*, 978 F.2d 1004, 1008 (7th Cir. 1992). We first note that Defendants' statute of frauds argument is improper at this stage of the proceedings since a plaintiff is not required to plead in anticipation of defenses. *See United States v. Northern Trust Co.*, 372 F.3d 886, 888 (7th Cir. 2004)(stating that "complaints need not anticipate and attempt to plead around defenses"). Also, Aguila has pled facts that, if accepted as true, negate the statute of frauds defense. In the amended complaint, Aguila alleges that Federico entered into the Agreement and that he agreed to an extension of the Agreement. (A. Compl. Par. 38). Aguila also alleges that the "essential terms of this agreement have been memorialized in writing and have been partially performed." (A. Compl. Par. 38).

Such allegations are sufficient to show that the breach of contract claim would not be barred by the statute of frauds.

Defendants criticize Aguila for not including in the amended complaint "any description of the terms allegedly contained in the memorialization. . . ." (Mot. 9). However, under the federal notice pleading standard a plaintiff is not required to list the terms of a contract in order to state a breach of contract claim. Aguila has clearly alleged that there was a binding contract between Aguila and Federico and that it was memorialized in a writing. That is sufficient to negate the statute of frauds defense at this stage of the proceedings. Defendants, apparently conceding this point in their reply, argue that the court should then dismiss the breach of contract claim "*[i]f* the alleged breach is not based on a term in the purported written memorialization. . . ." (Reply 6)(emphasis added). However, whether or not the terms of the Agreement were memorialized in writing and the alleged breach relates to those terms is beyond the scope of the pleadings and is an issue that cannot be resolved at the motion to dismiss stage. Therefore, we deny Defendants' motion to dismiss the breach of contract claim (Count IV).

## CONCLUSION

Based on the foregoing analysis, we deny Defendants' motion to dismiss in its entirety.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: October 10, 2007